The Honorable Don C. Smith State Representative, 116th District 2206 Roanoke Rd. Dodge City, Kansas 67801
Dear Representative Smith:
As state representative for the 116th district, you request our opinion on procedural requirements of a tax levy proposal to fund services for the elderly pursuant to K.S.A. 12-1680. Specifically, your questions are 1) whether the board of county commissioners may pass a resolution to establish a mill levy for aging services without vote of the people, and 2) whether the board of county commissioners may place a proposed tax levy on the ballot on its own initiative.
K.S.A. 12-1680 in pertinent part provides:
 "Whenever a petition containing the signature of not less than 5% of the registered voters of any city or county is filed with the appropriate county election officer requesting an election on the question of whether a tax levy of not more than one mill except that in counties having a population of more than 15,500 and less than 16,000, a tax levy of not more than 1.5 mills shall be made on all of the taxable tangible property in the city or county for the purpose of creating or continuing a service program for the elderly operated by municipalities as defined in K.S.A. 10-101, and amendments thereto, or nonprofit organizations, such proposition shall be submitted to the voters of the city or county at a question submitted election held in accordance with the provisions of K.S.A. 10-120, and amendments thereto. The proposition submitted shall be in the following form: "An annual tax of ___ (a specified amount or not to exceed a specified amount) mill shall be levied in ______ (city or county) to fund a service program for the elderly." The board of county commissioners of any county or the governing body of any city on its own motion may provide by resolution or ordinance for an annual tax levy of not more than one mill, except that in counties having a population of more than 15,500 and less than 16,000, such tax levy shall not exceed 1.5 mills, for the purpose stated in this section, and such proposition shall be submitted to the voters of the county or city for approval or rejection without petition in the manner provided in this section, and the proposition shall be stated in the same form as if in response to a petition. If a majority of the qualified electors voting on the proposition vote "yes" such tax levy shall be made annually on all of the taxable tangible property within the city or county for such purpose and to pay a portion of the principal and interest on bonds issued under the authority of K.S.A. 12-1774, and amendments thereto, by cities located in the county."
According to the above statute, a majority of the qualified electors must vote "yes" on the proposed tax levy before such tax levy may be made annually on all of the taxable tangible property within the county for such purpose. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny,250 Kan. 621, 629 (1992).
The board of county commissioners is not authorized by this statute to levy a tax for elderly services by simply passing a resolution. The board of county commissioners is required to submit the question to the voters of the county when a valid petition is filed requesting an election on the levy. In the alternative, the board of county commissioners may provide by resolution for an annual tax levy for the elderly services on its own motion. It must then submit the question to the voters of the county for approval or rejection without petition.
Attorney General Opinion No. 81-33 stated that county home rule powers do not permit a board of county commissioners on its own initiative to submit to the county's electors the questions of levying a tax to fund a service program for the elderly, because the procedure prescribed in K.S.A. 1980 Supp. 12-1680 for making such levy does not contemplate such action. However, after the issuance of this opinion, the legislature amended the pertinent part of the statute to the present form to include the procedure by which the county may submit the question of proposed tax levy for the elderly services to the voters without petition. (1981 Session law, ch. 92, sec. 1.) Because of this legislative change, conflicting portions of Attorney General Opinion No. 81-33 are hereby withdrawn.
In conclusion, the board of county commissioners may not levy a tax for elderly services programs by adopting a resolution without submitting the question to the voters. However, the board of county commissioners may on its own motion submit the question of the proposed tax levy for voters' approval or rejection without petition.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas